UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

KEVIN IWASKO,                               Case No. 05-83036
                                                      Chapter 7
                    Debtor.                        Hon. Marci B. McIvor

_____/

## OPINION DENYING TRUSTEE'S OBJECTION TO DEBTOR'S AMENDED EXEMPTIONS

On September 19, 2006, the Court held a hearing on the Trustee's Objection to Debtor's Amended Exemptions. At the conclusion of the hearing, the Court issued a bench opinion in which the Court overruled the Trustee's objection. The Court has concluded that the issue presented in this case is of sufficient importance to merit a written opinion.

I.

FACTUAL BACKGROUND

Kevin Iwasko filed a Voluntary Petition for relief under Chapter 7 of the U.S. Bankruptcy Code on October 14, 2004. Debtor listed on his Schedule A an interest in real property located at 20887 Busenbark, Brownstown, MI. According to Schedule A, the Debtor's interest is fee simple subject to mortgage. On Schedule C, Debtor elected exemptions under 11 U.S.C. § 522(b)(1), which is the federal exemption scheme. Debtor elected to exempt $17,609 under 11 U.S.C. § 522(d)(1).

On August 1, 2005, Debtor and his non-debtor spouse granted a mortgage on

the Busenbark property to Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as a nominee for Countrywide.  On August 25, 2005, the Mortgage was recorded with the Wayne Country Register of Deeds.

On February 9, 2006, after review of Debtor's chosen exemptions, Debtor's schedules, and mortgage documents, the Trustee filed an adversary compliant to avoid the mortgage as a preferential transfer pursuant to 11 U.S.C. § 547(b).  On March 24, 2006, because no answer was timely filed to the complaint, the clerk entered a default. The Trustee then filed a motion for default judgment on March 31, 2006.  Upon discussion with the attorneys for Countrywide and MERS, the Trustee stipulated to withdraw the motion for default judgment and to set aside the default.  Both parties to the adversary proceeding then filed motions for summary judgment.  The hearing on the cross motions for summary judgment was held on August 22, 2006.

At the hearing on the cross motions for summary judgment, the Trustee argued that the specific exemption for entireties property provided in 11 U.S.C. § 522(b)(2)(B) under the state exemption scheme does not appear in the federal exemption scheme under 11 U.S.C. §522(b)(1).  According to the Trustee, the only way to expressly exempt entireties property is to choose the exemption scheme made available by 11 U.S.C. § 522(b)(2)(B).  Therefore, because in this case, Debtor elected the federal exemptions, Debtor's undivided possessory right in entireties property, which would be immune from process under state law, is not automatically exempted from the bankruptcy estate.  Defendant mortgage companies argued that Debtor's interest in entireties property was not an interest in property of the Debtor that could be avoided by the Trustee.  At the conclusion of the hearing, the Court took the motions under

advisement.

On August 23, 2006, Debtor filed an Amended Schedule C, electing the state exemptions pursuant to 11 U.S.C. § 522(b)(2)(B). The Trustee filed an objection to the amendment of Schedule C under the doctrine of laches, claiming that Debtor failed to act with diligence and that lack of diligence resulted in prejudice to the Trustee. Debtor argues that debtors may, as a matter of right, amend their schedules prior to the closing of the case unless there is a finding that a debtor has acted in bad faith or concealed property and, because Debtor has not acted in bad faith, Debtor is entitled to amend his exemptions.

II.

ANALYSIS

Federal Rule of Bankruptcy Procedure 1009 states, in relevant part: "[a] voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed. . . " Fed. R. Bankr. P. 1009. The objecting party has the burden of proving by a preponderance of the evidence that the exemptions are not properly claimed. Fed. R. Bankr. P. 4003(c). In the Sixth Circuit, a debtor may amend his or her petition schedules at any time before the case is closed, and courts do not have the discretion to reject amendments, unless the debtor has acted in bad faith or where property has been concealed. *Lucius v. McLemore*, 741 F.2d 125, 126-7 (6th Cir. 1984). Specifically, the Sixth Circuit in the *Lucius* case stated:

> We hold that under Rule 110 of the old Federal Rules of
> Bankruptcy Procedure and Rule 1009 of the new Rules the debtor
> may amend his list as a matter of course at any time before the
> close of the case. . . . The Advisory Committee Note to Rule 1009

> reaffirms the legislative intent to allow amendment as a matter of course for schedules, including lists of exempt property. . . . This "permissive approach," allowing amendment at any time before the case is closed and denying courts discretion to reject amendments, has been endorsed in several circuits. [Citations omitted.] Courts may still refuse to allow an amendment where the debtor has acted in bad faith or where property has been concealed.

*Id.*, at 126-127; *See also, In re Basch*, 341 B.R. 615, 623 (Bankr. W.D. Mich. 2006)(a debtor may freely amend bankruptcy exemptions at any time before the case is closed, provided there is no bad faith or concealment of property.); *Averill v. Leech*, 782 F.2d 1041 (6th Cir.1985)("this Court ruled in [*Lucius*] that under . . . Bankruptcy Rule 1009 of the Federal Rules of Bankruptcy Procedure, a debtor is allowed to amend voluntary schedules at any time before the case is closed and the courts are denied discretion to reject such amendments.")

There are sound policy reasons supporting the Sixth Circuit law regarding Fed. R. Bankr. P. 1009. The Bankruptcy Code is full of provisions which balance the interests of debtors against those of creditors. With respect to exemptions, the Sixth Circuit clearly gives greater weight to a debtor's right to a fresh start with all allowable exemptions, than it does to the desire of creditors for a swift determination of their distribution. Therefore, a debtor who discovers that one exemption scheme is more favorable than another scheme, should be allowed to amend his exemptions at any time during the case, absent bad faith or concealment of assets.

In summary, this Court finds that, while other federal circuit courts of appeals may have established additional exceptions in their jurisdictions (including "prejudice to creditors"), the binding law applicable in the Sixth Circuit is, excepting bad faith or concealment of assets, a debtor may amend his or her schedules at any time before the

case is closed as a matter of course, and courts have no discretion to reject such amendments. *Lucius*, 741 F.2d at 127.

In this case, the Trustee did not allege either bad faith or concealment of assets as a grounds for disallowing the exemptions. Furthermore, based on a review of the pleadings and the history of this case, the Court finds no evidence that would support a finding of bad faith or concealment of assets.

The Court does not have discretion to disallow amendments to exemptions when the sole ground for objection is prejudice to the trustee. In the absence of bad faith or concealment of assets, the equitable doctrine of laches is not grounds for disallowing amended exemptions. In as much as the Trustee relies on the cases of *In re Rechis*, 329 B.R. 643 (Bankr. E.D. Mich. 2006) and *In re Daniels*, 270 B.R. 417 (Bankr. E.D. Mich. 2001), this Court declines to follow those decisions and is, instead, following the specific ruling of the Sixth Circuit in the *Lucius* case.

III.

CONCLUSION

This Court is bound to follow the precedent set forth by the Sixth Circuit Court of Appeals in the *Lucius* case which requires the Court to allow the amendment of exemptions, absent bad faith or concealment of assets. As neither of the two exceptions set forth in *Lucius* exist in this case, this Court has no discretion to reject Debtor's amended exemptions and must overrule the Trustee's Objection. The Trustee's Objection based on laches is not a valid basis within the Sixth Circuit for this Court to deny the Debtor's amended exemptions, unless the delay is caused by

Debtor's bad faith. For these reasons, this Court DENIES the Trustee's Objection to Debtor's Amended Exemptions.

**Entered: October 04, 2006**

                                               **/s/ Marci B. McIvor**
                                         **Marci B. McIvor**
                                         **United States Bankruptcy Judge**